UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| B & D PRODUCE SALES, LLC, a Texas Limited Liability Company, | § § § | |
| Plaintiff, | § § | Case No. 5:16-cv-99 |
| v. | § § | |
| PACKMAN1, INC., a Florida Corporation, | § § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, B & D Produce Sales, LLC ("B&D" and/or "Plaintiff") for its Complaint against Defendant Packman1, Inc. ("Packman1" and/or "Defendant"), alleges and states as follows:

### PARTIES

1. Plaintiff B&D is a Texas limited liability corporation with its principal place of business located at 52 County Road 112, Uvalde, TX 78802.

2. On information and belief, Defendant Packman1 is a corporation organized and existing under the laws of the state of Florida. On information and belief, Packman1 maintains its principal place of business at 4030 Saffold Road, Wimauma, FL 33598.

### JURISDICTION AND VENUE

3. Packman1 is subject to this Court's general personal jurisdiction because it regularly solicits and conducts business in the State of Texas with Plaintiff B&D and other purchasers. Packman1 is subject to special personal jurisdiction in this case because a substantial portion of the transactions which are the subject of the Complaint arise out of the solicitation of orders by Packman1 to Plaintiff B&D.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, federal question jurisdiction, which is based upon the duties imposed on both, Plaintiff and Defendant, under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 *et seq.* ("PACA") and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. § 1391(b)(1) and (c)(2) because the facts related to this action arose in this judicial district and the Defendant Packman1 is a corporation subject to exercise of personal jurisdiction in this district.

6. Plaintiff brings this suit for declaratory judgment under FED. R. CIV. P. 57 and 28 U.S.C. §2201, 2202 for its federal question claim as well as the Texas Declaratory Judgment Act, TEX. CIV PRAC, & REM CODE §37.001 *et seq.*, for its state law claim.

FIRST CAUSE OF ACTION
FOR A DECLARATORY JUDGMENT
UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

7. In the year 2015, Defendant Packman1 solicited the Plaintiff to purchase watermelons in interstate commerce from the States of Florida and Georgia to Texas and other states. Plaintiff purchased the melons from Defendant.

8. Both Plaintiff and Defendant are merchants licensed by the United States Department of Agriculture ("USDA") PACA branch, or at the time at issue in this case, were subject to be licensed under PACA. All of the transactions between the parties were subject to the substantive provisions of PACA and the trade rules promulgated by the USDA under PACA.

9. Plaintiff received watermelons from Defendant, some of which were acceptable in the ordinary trade in such commodities and others were subject to condition or quality defects which give rise to defenses and discounts that may be raised by Plaintiff under PACA and the law of Texas.

10. An actual controversy exists between Plaintiff and Defendant concerning the amounts which Plaintiff has paid to Defendant for all watermelons shipped and sold by Defendant to Plaintiff and as to any amounts that may be due.  Defendant Packman1 has denied its receipt of payments from Plaintiff despite the fact that Plaintiff has wired $202,730.00 to Defendant Packman1 and has tendered checks totaling $30,109.70, which were deposited by Defendant.  Notwithstanding such payments, Defendant is claiming that Plaintiff owes it more than $300,000 for watermelons shipped in 2015.

11. The Plaintiff's duty to pay Defendant for produce shipped to Plaintiff arises under Section 2 of PACA.

12. Defendant shipped defective produce to B&D and such conduct is a violation of PACA, giving rise to liability of Defendant to Plaintiff under Section 2 of PACA and creating an offset against the sums due Defendant by Plaintiff pursuant to PACA.

13. Plaintiff B&D seeks a declaratory judgment under PACA that it owes the sum of $35,999.80 to Defendant for all watermelons received by Defendant, representing sums due under PACA and lawful offsets and damages suffered by Plaintiff as a result of the shipments of defective watermelons.

14. Plaintiff is entitled to a declaratory judgment under PACA that it owes the sum of $35,999.80 to Defendant Packman1.

SECOND CAUSE OF ACTION
FOR DECLARATORY JUDGMENT
UNDER TEX. CIV. PRAC. & REMEDIES CODE §37.001

15. Plaintiff re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff's and Defendant's transactions are subject to the Texas version of Article 2 of the Uniform Commercial Code.

17.     An actual controversy exists as to the sums currently due to Defendant for sales of watermelons to Plaintiff in 2015.

18.     Plaintiff seeks a declaratory judgment under TEX. CIV. PRAC. & REMEDIES CODE § 37.003 and § 37.004 that the sums due by Plaintiff to Defendant are $35,999.80.

19.     Pursuant to TEX. CIV. PRAC. & REMEDIES CODE § 37.009, Plaintiff is entitled to seek attorney's fees for seeking declaratory relief for its state law claims against Defendant.

WHEREFORE, Plaintiff B&D prays for judgment as follows:

### FIRST CAUSE OF ACTION

1.      A declaration that Plaintiff, under PACA, owes Defendant the sum of $35,999.00 which represents sums due Defendant less lawful damages and offset, plus costs; and

2.      Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

### SECOND CAUSE OF ACTION

1.      A declaration that under Article 2 of the Texas Uniform Commercial Code, Plaintiff owes Defendant the sum of $35,999.80 which represents sums due Defendant less lawful damages and offsets plus recoverable attorney's fees and costs; and

2.  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

DATED: January 28, 2016.

                Respectfully submitted,

                */s/* Craig A. Stokes_____
                Craig A. Stokes – SBN 774978
                cstokes@stokeslawoffice.com
                Maurleen W. Cobb – SBN 24054377
                mcobb@stokeslawoffice.com

        STOKES LAW OFFICE LLP
        3330 Oakwell Court, Suite 225
        San Antonio, TX 78218
        Telephone (210) 804-0011
        Facsimile (210) 822-2595

        ATTORNEYS FOR PLAINTIFF
        B & D PRODUCE SALES, LLC