IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| B & D PRODUCE SALES, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-16-CV-99-XR |
| § | |
| PACKMAN1, INC., § | |
| § | |
| *Defendant*. § | |

**ORDER**

Before this Court is Defendant Packman1, Inc.'s Motion to Stay Proceedings. Docket no. 9. After careful consideration, the court will grant the motion.

**BACKGROUND**

Plaintiff B & D Produce Sales, LLC ("B & D") entered into an agreement to purchase watermelons from Defendant Packman1, Inc. ("Packman") in June 2015. Docket no. 1 at 2. B & D alleges that some of the watermelons provided by Packman were defective. *Id.* As a result of these alleged defects, a dispute arose between the two produce companies about the amount of payment submitted to Packman and the amount still owed to Packman. *Id.* at 3.

Both companies are merchants licensed by the U.S. Department of Agriculture and subject to the Perishable Agricultural Commodities Act of 1930 ("PACA"). *Id.* at 2; *see also* docket no. 9 at 1. PACA requires produce companies to render "full payment promptly" for any produce purchased. 7 U.S.C. § 499b(4) (2012). The statute also delegates authority to the Secretary of Agriculture to hear disputes relating to violations of PACA. *Id.* § 499e. An

1

aggrieved party may either file a complaint to the Secretary of Agriculture or proceed with a complaint in either state or federal court. *Id.* § 499e(b). An injured party who chooses to proceed through the administrative process must first file an informal complaint with the Deputy Administrator, who will investigate the alleged violation and attempt to facilitate a resolution. 7 C.F.R. § 47.3(b)(2). If the injured party is unhappy with this outcome, it then proceeds by filing a formal complaint with the Secretary of Agriculture. 7 C.F.R. § 47.6(a)(1).

Packman filed an informal complaint on January 5, 2016. Docket no. 9 at 2. B & D did not file a response, but instead filed suit here on January 28, 2016. Docket no. 1. Packman proceeded to move to the second stage of the administrative process and file a formal complaint with the Secretary of Agriculture on April 11, 2016. Docket no. 15 at 2. The case before the Secretary is still ongoing.

Packman filed its Motion to Stay Proceedings on April 8, 2016. Docket no. 9. It seeks to stay the proceedings in this Court pending the outcome of the administrative action. *Id.* The parties subsequently advised the Court that they were engaged in settlement negotiations and requested several extensions to file further briefing on the motion. Docket nos. 10, 11, 12, 13. At some point in time, settlement discussions broke down. B & D filed its Response on June 20, 2016, and Packman filed its Reply on July 6, 2016. Docket nos. 16, 17.

## DISCUSSION

A district court has the inherent power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). To determine if a stay is proper, the Court considers three factors: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation.

*Hopple v. Prospect Mortg., LLC*, Civ. Ac. No. EP-13-CV-00137-DCG, 2013 WL 5493004, at *2 (W.D. Tex. Oct. 2, 2013) (citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. Ac. No. 09–CV–235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)).  In exercising its discretion, a court should be "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. Ac. No. 95–CV–138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

  The court has determined that each of the three factors in this case weigh in favor of staying any further proceedings here until the parties have completed the administrative process with the Secretary of Agriculture.  First, there is little potential for prejudice to B & D if the stay is granted.  This case is still in its infancy—no answer has been filed and the Court has not yet held a status conference.  B & D argues that it will be prejudiced if a stay is granted because the statute of limitations has run for it to file any claims or counterclaims against Packman in the administrative case.  Docket no. 15 at 3.  However, the Secretary of Agriculture has jurisdiction to hear a counterclaim beyond the statute of limitations if the counterclaim involves the same transactions as the formal complaint.  *See Procacci Bros. Sales Corp. v. Antle Bros. & Tanimura Bros.*, 47 Agric. Dec. 1504, 1510 (Sept. 13, 1988) ("This is unlike the case where a respondent files a counterclaim involving the same transaction made the subject of a formal complaint beyond the nine month period. In those cases, we have held that we do have jurisdiction to hear the counterclaim.").  B & D also argues that under the rules in the administrative process, it will only be able to recover some of its attorney's fees if it is the prevailing party and not all discovery procedures are available.  However, as a PACA licensee, it has already acquiesced to these rules.

3

Second, denying the stay would cause Packman hardship and inequity. Packman contends that it is the injured party in this case, and as it initiated proceedings through the Department of Agriculture, its choice of forum should be honored. Docket no. 9 at 4. B & D argues that its choice of forum should be honored because it filed its Complaint with this Court before Packman filed its formal complaint with the Secretary of Agriculture. Docket no. 15 at 2. But this ignores the rules of the administrative process, which require Packman to first file an informal complaint before filing a formal complaint. *See* 7 C.F.R. § 47.6(a)(1).

Finally, staying this case will preserve judicial resources by avoiding duplicative litigation and the possibility of inconsistent rulings. The Secretary of Agriculture is uniquely equipped to address the issues in this case. Staying this action while administrative proceedings occur will allow the parties to avoid the time, expense, and uncertainty of litigating in two forums. The Court concludes that a stay is appropriate in this case. Packman's Motion to Stay is granted.

Because all proceedings in this case are stayed pending resolution of the proceedings before the Secretary of Agriculture, this case is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . ."); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006).

## CONCLUSION

Defendant Packman1, Inc.'s Motion to Stay Proceedings (docket no. 9) is GRANTED. Accordingly, the Court ORDERS that this case is hereby STAYED. The parties are hereby ORDERED to file quarterly status reports with this Court about the progress of the proceedings before the Secretary of Agriculture, beginning November 18, 2016.

The Clerk's office is DIRECTED to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. *Mire*, 389 F.3d at 167.

It is so ORDERED.

SIGNED this 19th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE